### (May 23, 1978)

■ DUMONT HANDKERCHIEFS, INC., Appellant-Respondent, v NIXDORF COMPUTER, INC., Respondent-Appellant.—Judgment, Supreme Court, New York County, entered January 26, 1977, after a nonjury trial, dismissing the amended complaint, directing the defendant to complete certain parts of its contractual obligations and awarding judgment on the counterclaim in the sum of $7,562 together with interest and costs, unanimously modified, on the law, by reversing so much thereof as awarded judgment to defendant on its counterclaim, remanding this matter for a new trial on the counterclaim, and, as modified, affirmed, without costs and without disbursements. There

is ample evidence in the record to support the trial court's determination that the plaintiff did not effectively reject the computer but continued to enjoy its beneficial use for many months after it had the opportunity to cancel under the purchase agreement as extended. Likewise, there is sufficient proof to sustain the court's conclusion that the computer itself was not defective. Hence, the first and second causes of action, founded respectively upon plaintiff's option to cancel and the defendant's breach of the implied warranty of fitness, were properly dismissed. Although the plaintiff did not request in the complaint that the defendant complete all unfinished phases of the "turn-key" operation, the trial court had the inherent power to precondition any award to the defendant upon its own substantial performance under the agreement. For that reason, we do not disturb the second decretal paragraph in the judgment. A difficulty does arise with regard to the court's award on the counterclaim for the balance of the purchase price due under the agreement. In the course of its decision, the court stated that the defendant had failed to perform under certain areas of the agreement. It also stated that plaintiff's vice-president interfered with the operation of the computer. If the defendant's failure to perform was caused by the interference of plaintiff's vice-president, then the defendant should not be precluded from recovering on its counterclaim. (10 NY Jur, Contracts, §§ 380, 381.) However, if defendant's failure of performance preceded any interference by plaintiff's vice-president, then the defendant may well be precluded from collecting part or all of the balance due by reason of its breach. Thus, a new trial must be held to determine whether the defendant is entitled to recover on its counterclaim. Concur—Murphy, P. J., Fein, Lane, Sandler and Sullivan, JJ.